887 F.2d 1082
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNIVERSITY OF NORTH CAROLINA, d/b/a the North Carolina
Memorial Hospital, Plaintiff-Appellee,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellant.
 No. 88-2894.
 United States Court of Appeals, Fourth Circuit.
 Argued: Feb. 6, 1989.
Decided: Sept. 28, 1989.
 
 Dana Joseph Petti, Assistant Regional Counsel (Robert H. Edmunds, Jr., United States Attorney, Harry L. Hodgood, Assistant United States Attorney, Bruce R. Granger, Chief Counsel, Region IV, Department of Health & Human Services, on brief), for appellant.
 Carel Theilgard Hedlund (Leonard C. Homer, Ober, Kaler, Grimes & Shriver, Lacy H. Thornburg, Attorney General, J. Charles Waldrup, Assistant Attorney General, on brief), for appellee.
 Before CHAPMAN and WILKINS, Circuit Judges, and N. CARLTON TILLEY, Jr., United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 This case involves a reimbursement dispute under the federally funded Medicare program which provides for reimbursement of medical services provided the aged and disabled, 42 U.S.C. Sec. 1395c et seq.
 
 
 2
 North Carolina Memorial Hospital's claim for reimbursement for costs related to services provided by its interns and residents while working at the Medical Faculty Practice Plan Clinics for the years 1980-1983 was denied when the Medicare Intermediary, Blue Cross/Blue Shield of North Carolina, determined that the Clinics were operated and controlled by the School of Medicine of the University and were not part of the Hospital.
 
 
 3
 The Provider Reimbursement Review Board upheld the disallowance, finding the Clinics were not a part of the Hospital. Upon appeal, the District Court reversed the decision of the Secretary, holding that the decision was not supported by substantial evidence.
 
 
 4
 For the reasons stated in the opinion of the District Court, we affirm. The language of the agreement setting up the Clinics makes both the Hospital and the School of Medicine responsible for the management and the operation of the Clinics, the Clinics are organizationally and physically part of the Hospital, they are licensed and accredited as part of the Hospital, School of Medicine physicians rendering treatment there must abide by the rules of the Hospital, and patient records belong to the Hospital. The Board's finding that the Clinics were not part of the Hospital was not supported by substantial evidence.
 
 
 5
 AFFIRMED.